## Case No. 17,489.

### In re WHEELER et al.

[16 N. B. R. 277; 10 Chi. Leg. News, 18; 5 N. Y. Wkly. Dig. 202; 5 Cent. Law J. 368.] [1]

District Court, D. Indiana. Oct., 1877. [2]

INVOLUNTARY BANKRUPTCY—DISCHARGE.

In voluntary proceedings, creditors whose debts were contracted prior to January 1, 1869, are not to be counted in ascertaining the number and value of creditors consenting to a discharge in the absence of assets. The assent of such a creditor is a nullity.

[In the matter of Edward E. Wheeler and James D. Riggs, bankrupts.]

Application for discharge. The bankrupts' estates paid nothing to their creditors. They applied for a discharge, and procured the assent of one-third in value and one-fourth in number of the creditors whose claims had been proven. One of these was Mrs. Eliza Wheeler, whose claim was for seven thousand dollars, of which four thousand dollars had been contracted prior to 1869. The creditors opposing a discharge applied to prevent it by claiming that since, under the law, a creditor whose claim was made prior to 1869 could not oppose a discharge, it followed that the creditor could not availably consent to a discharge. Mrs. Wheeler's claim in full only made the required value of assent.

P. Hornbrook, for bankrupts.

Iglehart & Son and Denby & Kumler, for creditors.

GRESHAM, District Judge. The bankrupt act of 1867 [14 Stat. 517], as amended July 27, 1868 [15 Stat. 227], and July 14, 1870 [16 Stat. 276], furnishes the provisions which constitute section 5112 of the Revised Statutes, which reads as follows: "In all proceedings in bankruptcy commenced after the first day of January, 1869, no discharge shall be granted to a debtor whose assets shall not be equal to fifty per centum of the claims proved against his estate, upon which he shall be liable as the principal debtor, unless the assent in writing of a majority in number and value of his creditors, to whom he shall have become liable as principal debtor, and who shall have proved their claims, is filed in the case, at or before the time of the hearing of the application for discharge; but this provision shall not apply to those debts from which the bankrupt seeks a discharge, which were contracted prior to the 1st of January, 1869." There is here no distinction made between voluntary or involuntary cases. In all proceedings in bankruptcy the discharge of the bankrupt is made to depend upon the payment of fifty per cent., or, failing that, upon

the assent of a certain proportion in number and value of his creditors, who have proved their claims and to whom he is bound as principal. A restriction is placed upon the creditors; it is only those whose claims accrued after January 1, 1869, whose assent is indispensable; none whose debts were contracted prior to that date are to be taken into the account. Their assent is not necessary, and they are not to be counted for the purpose of determining whether the requisite number and value have assented. The provision does not apply to them. The amendment of 1874 [18 Stat. 178] makes important changes in this provision as to discharges. It declares that in compulsory or involuntary bankruptcy, no provision of the law as it then stands, requiring the payment of any proportion of the debts of the bankrupt or the assent of any portion of his creditors, as a condition of discharge from his debts, shall apply. But the involuntary bankrupt may, if otherwise entitled, be discharged by the court in the same manner, and with the same effect, as if he had paid the required per cent., or as if the requisite number and value of creditors had assented. It changes the terms of discharge in voluntary cases, by reducing the required payment to thirty per cent. And it declares expressly that "the provision in section 33 of said act of March 2, 1867, requiring fifty per centum of said assets, is hereby repealed." The amendment concludes with a repeal of all acts and parts, or acts inconsistent with that act, June 22, 1874 [18 Stat. 178]. The effect of this repeal, so far as the involuntary class of bankruptcy proceedings is concerned, is clear enough. Indeed, without words of repeal, the substitution of new provisions covering the whole ground of the former legislation on that subject, would operate as a repeal by implication. The effect of the express repealing language is confined to the repeal of so much of section 33 (now section 5112, Rev. St.) as requires fifty per cent. Nor will it be easy to show any inconsistency between the last clause of section 5112 by which the creditors whose debts were contracted before the 1st of January, 1869, are excluded from the provisions for payment and assent, and any of the provisions of the amendment. That clause of exclusion stands unrepealed, and is in full force to-day. It follows, therefore, that a bankrupt who finds himself unable to pay thirty per cent. on the debts proved against him, is not required to obtain the assent of those creditors who became such before January 1, 1869. The assent of those of later date is alone necessary. To apply these views to the case in hand. The bankrupts, Edward E. Wheeler and James D. Riggs, having applied for discharges, and being unable to show a sufficiency of assets, as required by the act, are attempting the alternative of getting relief by means of the assent of creditors. If they are restricted to the assent of creditors whose claims originated after 1869, the re-

[1] [Reprinted from 16 N. B. R. 277, by permission. 5 N. Y. Wkly. Dig. 202, contains only a partial report.]
[2] [Reversed in Case No. 17,491.]

quired number and value have not assented; and to escape this dilemma they present the assent of a single creditor whose claim is of earlier date. With this assent, if admitted, the scale is turned in their favor. But this cannot be allowed. The act imposes upon creditors of this class a disability. The provision for paying thirty per cent. is in express language declared not to apply to them. They are not to be counted in ascertaining the number and amount of which the majority are required to assent. If they do not constitute any part of the quorum, they have no right to vote yea or nay. The creditors of later date alone constitute the body of voters. They can assent to the discharge, or, by withholding their assent, can prevent the discharge. This is their exclusive privilege. and that privilege cannot be interfered with by the creditors of an earlier date. For these reasons the assent of such a creditor is simply a nullity, and the discharge must be refused. An order will therefore be entered that unless the bankrupts do, within twenty days, procure the assent of the required number and amount of creditors whose claims have originated since January 1, 1869, the petition for discharge do stand dismissed, with costs.

[On appeal to the circuit court the above decree was reversed. Case No. 17,491.]